

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| SUSAN GAIL CHASSEREAU, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:14-4085-MGL-SVH |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for DIB be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 10, 2015, Plaintiff her Objections on December 21, 2015, and Defendant filed her Response to Plaintiff's objections on January 6, 2016.

The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB on October 11, 2011, asserting that her disability commenced on April 27, 2011. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing, which the Administrate Law Judge (ALJ) conducted on June 11, 2013. On June 28, 2013, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Plaintiff then filed this suit in federal district court on October 21, 2014.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

In bears noting that "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Plaintiff makes just one objection: she maintains that "[s]ubstantial evidence does not support the ALJ's rejection of the evidence regarding [Plaintiff's] multiple impairments." Objections 2. Plaintiff's objection, however, is made up of three sub-parts: she asserts that "the [C]ourt must consider (1) whether the ALJ analyzed all of the relevant evidence[,] Objections 2 (emphasis omitted), and (2) "whether the ALJ sufficiently explained the rationale for discrediting certain evidence," *id*. at 3. The third sub-part of her objection is that, according to Plaintiff, "[t]he Report and Recommendation's summary of [Plaintiff's] medical evidence omits key details that were presented to and ignored by the ALJ." *Id.*

As to "whether the ALJ analyzed all of the relevant evidence," *id*. at 2, the ALJ stated that she had. *See* A.R. 37 ("After consideration of all the evidence, the undersigned concludes [Plaintiff] [is] not under disability within the meaning of the Social Security Act"); *id*. at 39 ("After careful consideration of the entire record, . . ."); *id*. at 41 ("After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work[.]" And, absent evidence to the contrary, of which there is none,

3

we take her at her word. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter").

Regarding Plaintiff's complaint that "the ALJ [in]sufficiently explained the rationale for discrediting certain evidence[,] *id*. at 3, although the ALJ's "decision must contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the [ALJ's] determination and the reason or reasons upon which it is based, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (2014) (citations omitted) (internal quotation marks omitted). The Court has read carefully the ALJ's decision and holds that it meets the requirements of *Reid.*

Concerning Plaintiff's statement that the Report "omits key details that were presented to and ignored by the ALJ[,]" Objections 3, the Magistrate Judge, like the ALJ, need not enumerate every portion of Plaintiff's medical evidence in explaining why substantial evidence supports the ALJ's decision. And, Plaintiff's listing in her objections substantial evidence that would support a finding in her favor is of no moment. In the Court's own review of the record, it observes some evidence supporting a finding of disability and some evidence not supporting such a finding. As already stated, however, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73.

In sum, substantial evidence supports the ALJ's decision that Plaintiff is not disabled under the Act; and the decision is free from legal error. Accordingly, the Court will overrule Plaintiff's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 9th day of March, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
